Filed 2/2/23  P. v. King CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KENNETH LEE KING,<br><br>        Defendant and Appellant. | A164289<br><br>(Solano County<br>Super. Ct. No. FCR352975) |

Defendant Kenneth Lee King's counsel requests that this court independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  King was informed of his right to file a supplemental brief and has not done so.  Upon our independent review of the record pursuant to *Wende*, we conclude there are no arguable appellate issues requiring further briefing and affirm.

### BACKGROUND

A felony complaint filed on July 22, 2020, charged King with one count of felony identifying information theft with a prior.  (Pen. Code, § 530.5, subd. (c)(2).)[1]

On May 21, 2021, the parties reached a plea agreement in this case and another (case No. FCR351744), filed in January 2020, in which King had

---

[1]  The underlying facts of the offense are not relevant to this appeal.

been charged with a separate violation of section 530.5, subdivision (c)(2). The plea agreement specified that King would plead no contest to one count of felony identifying information theft in each of the cases and would be sentenced to "16 m concurrent, 8 m on home detention, LCA, ASP . . . [¶] 8 m supervision." King agreed to a provision known as a *Cruz* waiver (*People v. Cruz* (1988) 44 Cal.3d 1247) which stated: "I understand and agree that if I fail to appear on the date set for . . . sentencing without a legal excuse, . . . my plea will become an 'open plea' to the court, I will not be allowed to withdraw my plea, and I may be sentenced up to the maximum term of imprisonment . . ." of three years and eight months.[2]

At the hearing on May 21, King confirmed he had reviewed the plea form with his attorney, understood his rights and waived them, and understood the possible consequences of the plea. The trial court accepted King's pleas and set sentencing for July 1, 2020. After King verbally promised to return to court, the court told him, "If you fail to make that promise, the deal you've reached, eight months in/eight months out, the A.S.P., I'm not bound on that. If you keep your promise, then I'm bound to keep mine." King said he understood.

On July 1, however, King did not appear for sentencing. His attorney had "no representations" and the court issued a no-bail bench warrant.

On November 15, King appeared in court and his attorney stated that King had met with probation after the May hearing to get his ankle monitor set up and failed to appear for sentencing because "he was under the

---

[2] Absent such a waiver, when a trial court withdraws its approval of a plea bargain because the defendant fails to appear for sentencing, the defendant must be permitted to withdraw his or her plea. (*Cruz, supra,* 44 Cal.3d at p. 1249, 1254, fn. 5; Pen. Code, § 1192.5.)

impression that probation would get in contact with him and let him know what the next steps were." King was remanded without bail.

At a sentencing hearing three days later, defense counsel argued that King had never previously failed to appear, this was "a new thing for him" and "there appears to have been a major mixup in regards to this failure to appear." Counsel asked the court to honor the plea agreement and, if it was not willing to do so, to impose a low term sentence; the prosecutor argued the court should not reinstate the plea and should impose a middle term sentence. The court stated that it was no longer bound by the plea agreement due to the *Cruz* waiver and failure to appear, and "based on the changed circumstances" it did "not think continuing to abide by that plea agreement would be in the interest of justice. Finding that the aggravating and mitigating factors "balance out," the court imposed the middle term of two years in the present case and the same term in case No. FCR351744, to run concurrently.

King, through counsel, filed a timely notice of appeal, stating the appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."[3]

## DISCUSSION

We have reviewed the record and found no arguable issues.

King signed a plea agreement containing a *Cruz* waiver that expressly informed him the court would not be bound by his plea agreement if he failed to appear for sentencing without legal excuse. The court orally advised him to the same effect at the plea hearing. King failed to appear, in violation of

---

[3] King filed a separate notice of appeal in case No. FCR351744. That appeal, case No. A164288, was heard and decided by Division One of this court.

3

the *Cruz* waiver.  King was represented by counsel who argued ably on his behalf.  The court stated the reasons for its sentencing choice and acted well within its discretion in imposing the middle term sentences.  (Pen. Code, § 1170, subds. (b) & (c).)

Accordingly, we agree with King's counsel that there are no issues that could undermine the judgment.

**DISPOSITION**

The judgment is affirmed.

_____
STEWART, P.J.

We concur.


_____
MILLER, J.


_____
MARKMAN, J. [*]


*People v. King* (A164289)

_____
    [*] Judge of the Alameda Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5